JIM BANKS, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

On a trial for murder, proof was given of the confessions of the prisoner, that the deceased had met him in the public road and attacked him suddenly and violently, by beating him with a stick; that he had remonstrated, and finally, holding the stick with one hand, he had, with the other, taken out his knife, and opening it with his teeth, he had stabbed the deceased twice, and deceased was shortly after found dead. But it was proven, in addition, that deceased was stabbed in four places; that the prisoner, on examination at the time, was without bruise or hurt, and that he was found in possession of the pistol, and the jury found a verdict of voluntary manslaughter, and the Court below refused a new trial:

*Held*, That this Court will not disturb the judgment of the Court below.

Banks vs. The State of Georgia.

Criminal Law. Confessions. New Trial. Before Judge ANDREWS. Elbert Superior Court. September Term, 1870.

Banks, a negro, was indicted for the murder of another negro. The evidence consisted of proof of the killing, and a confession, and certain other facts to show that Banks was the slayer, and the circumstances of the killing. This evidence would be of no use to the profession, further than it appears in the opinion. He was convicted of voluntary manslaughter, with a recommendation to mercy.

A new trial was asked for, solely on the ground that the verdict was contrary to law, etc. Its refusal is assigned as error.

E. P. EDWARDS; JOHN P. SHANNON, by W. G. JOHNSON, for plaintiff in error. Confessions not sufficient for conviction: R. Code, sec. 3739. Defendant guilty of murder or innocent: R. Code, secs. 4254, 4255, 4256, 4264-5-6-7-8, and other sections as to homicide. Verdict wrong: 40 Ga. R., 696.

J. M. MATTHEWS, Solicitor General, by Z. D. HARRISON, for the State. Weight of confessions: 20 Ga. R., 752; 11th, 226. New trial: 2d, 173.

McCAY, J.

Were the verdict in this case founded *only* on the confession of the prisoner, we would conclude he was not guilty of any crime. His case would fall under section 3624 of the Code. It would be the killing of a human being in defense of one's person against one manifestly intending and endeavoring by violence or surprise to commit a felony upon it, and would, therefore, be justifiable homicide. But there is much more here than the confession of the prisoner. Here is a man found dead, stabbed in four places; the prisoner is proven to have gone towards the spot about the time the

killing took place, and almost immediately after the deed is done he is found close by, with the pistol and knife of the deceased in his possession. It is proven, too, that he had a few hours before struck the deceased's child. He is, on examination, without bruise or hurt. From these facts the inference is almost irresistible that the prisoner did the act. His own account of the affair, which the State introduced, does indeed put a different face upon the matter. But it is somewhat inconsistent with the other facts ; especially does it fail to explain how he got deceased's pistol, and it admits only two stabs, when in fact there were four. The jury were not bound, and indeed could not believe every word of the confession. They had the right, and it was their duty, to take all the evidence and form their judgment upon it. It is the province of the jury to do this, not of the Court. We do not think their verdict is so wide of the truth as to require this Court to set it aside as illegal, and that, too, after the Judge who tried the case has refused to interfere. We think a verdict of manslaughter, under the evidence, is sustainable, and that the new trial was properly refused. There is a large discretion left to the Judge in the punishment in such cases; and as the jury recommended to mercy, and the Judge has been very merciful, we think best to let the verdict stand. Human life ought to be held very sacred, and there are few cases where it is taken away when there is *no fault at all* in the killer.

Judgment affirmed.